## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TALL AND BLONDE NIGHTLIFE, LLC** | * | **CIVIL ACTION NO.** |
| *Plaintiff* | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **COVINGTON SPECIALTY INSURANCE COMPANY** | * | **MAGISTRATE:** |
| | * | |
| *Defendant* | * | |

* * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

The defendant, Covington Specialty Insurance Company ("Covington"), respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and in support thereof, provides the following statement of the grounds for removal:

**I.     BACKGROUND**

1. This action was commenced by the plaintiff, Tall and Blonde Nightlife, LLC ("Tall and Blonde"), on or about July 8, 2024, through the filing of a Petition for Damages in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Docket No. 2024-2825 B. *See* Exhibit A, *Plaintiff's Original Petition for Damages.*

2. In its Petition for Damages, the plaintiff names Covington as the sole defendant.

3. Covington was served through its agent for service of process, the Louisiana Secretary of State, with the citation and a copy of the Petition for Damages. Service was effected on August 7, 2024.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it was filed within thirty (30) days after Covington first received, through service or otherwise, a copy of the

initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after the commencement of this action.

5. Venue for this removal is proper because the United States District Court for the Western District of Louisiana is the federal district court embracing Calcasieu Parish, Louisiana—the place where the state court action is pending. *See* 28 U.S.C. § 98(c).

## II. STATE COURT DOCUMENTS

6. The name and address of the court from which this case is being removed is:

    14th Judicial District Court, Parish of Calcasieu, State of Louisiana

    <u>Physical Address:</u>
    1001 Lakeshore Drive
    Lake Charles, LA 70601

    <u>Mailing Address:</u>
    P.O. Box 3210
    Lake Charles, LA 70602

7. The following documents are attached to this Notice of Removal:

    Exhibit "A"   *Plaintiff's Original Petition for Damages and all other documents filed in the state court; and*

    Exhibit "B"   *List of all counsel of record, including addresses, telephone numbers, and the parties they represent, respectively.*

## III. GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JUDISDICTION

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) there exists complete diversity of citizenship between the plaintiff and Covington, the only defendant, and (B) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

9. The plaintiff is a Louisiana limited liability company. For purposes of federal diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief at the time of the filing of this Notice of Removal, based on the allegations contained in the plaintiff's Petition for Damages and the results of a search of the Louisiana Secretary of State's business filing records, the plaintiff is a citizen of the State of Louisiana for the purposes of diversity jurisdiction.

10. Covington is a non-governmental corporation incorporated in the State of New Hampshire with its principal place of business in the State of Georgia. The citizenship of a corporation for diversity purposes is determined by looking to both "the state in which it was incorporated and the state in which it has its principal place of business." *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

11. Based on the foregoing, there is complete diversity of citizenship between the parties. For purposes of diversity jurisdiction, the plaintiff is a citizen of the State of Louisiana and Covington is incorporated in the State of New Hampshire with its principal place of business in the State of Georgia. Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case.

### B. Amount in Controversy

12. With respect to the amount in controversy required for federal diversity jurisdiction under 28 U.S.C. § 1332, the Supreme Court of the United States has instructed that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. LLC*

*v. Owens*, 135 S. Ct. 547, 553-54 (2014). This "plausible allegation" requirement is satisfied when the facts alleged by the plaintiff make it "facially apparent" that the amount in controversy exceeds $75,000.00. *Id.* at 554. "Evidence establishing the amount is required by §1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added).

13. Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000.00 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

14. Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the plaintiff's Petition for Damages. For purposes of removal, however, it is facially apparent from the Petition for Damages that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. The plaintiff alleges in its Petition for Damages that, on or about April 10, 2024, its insured property sustained significant damages resulting from a thunderstorm which produced tornadic activity. The plaintiff alleges in Paragraph 5 that the insured property was "severely damaged," and that the plaintiff's business has not been able to operate pending repairs.

16. The plaintiff alleges in Paragraph 7 that Covington failed to pay amounts due within thirty (30) days after receipt of satisfactory proof of loss, and that subsequent payments issued by Covington, totaling $74,177.23, were insufficient and incomplete, all of which Covington denies.

17. Thus, based on the allegations in the plaintiff's Petition for Damages, and its claims under LSA-R.S. 22:1892(A)(1) & (A)(4), and LSA-R.S. 22:1973, it is facially apparent that the amount in controversy in this case exceeds $75,000.00.

18. For each of the foregoing reasons, it is apparent from the face of the plaintiff's Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### IV. ANSWER

19. Responsive pleadings have not been filed on behalf of any defendant. To date, only Covington has been named as a defendant and served with the citation and a copy of the Petition for Damages.

### V. PROCEDURAL COMPLIANCE

20. Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Covington are attached as designated in Section II, *supra*.

21. Pursuant to 28 U.S.C. § 1446(d), the plaintiff will be provided with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

22. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

23. By filing this Notice of Removal, Covington does not waive and hereby reserves all defenses and objections to the plaintiff's Petition for Damages.

## VI. JURY DEMAND

24. Covington hereby prays for a trial by jury on all claims asserted and issues raised in the plaintiff's Petition for Damages.

## VII. CONCLUSION

25. Given the complete diversity of citizenship of the parties and the amount in controversy, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is properly removed pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, the defendant, Covington Specialty Insurance Company, respectfully requests that this case be removed to the United States District Court for the Western District of Louisiana, that the United States District Court for the Western District of Louisiana assume full jurisdiction over this case, and that further proceedings in this action be conducted in the United States District Court for the Western District of Louisiana as provided by law.

Respectfully submitted,

*/s/ Samuel L. Fuller*
FREDERICK W. SWAIM III (#28242)
SAMUEL L. FULLER (#35134)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
slfuller@gallowaylawfirm.com
Counsel for *Covington Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, a copy of the foregoing was filed electronically with the Clerk of Court of the United States District Court for the Western District of Louisiana using the CM/ECF system.

                                                  */s/ Samuel L. Fuller*
                                                  **SAMUEL L. FULLER**